**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MOSLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5111** |
| | : | |
| **RIVERS CASINO, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.** **JULY 29, 2026**

James Mosley, a frequent *pro se* litigant in this Court who often raises race discrimination claims under 42 U.S.C. §§ 1981 and 1983, has filed a new discrimination Complaint along with an application to proceed *in forma pauperis*. This Complaint is a duplicate of a prior complaint he filed in May 2026 that was dismissed with prejudice; this case will be dismissed as barred by the doctrine of claim preclusion.

## I. FACTUAL ALLEGATIONS[1]

In his first case against Rivers Casino, No. 26-2994, Mosley's claims of race discrimination based on his being escorted out of the Casino premises on May 1, 2026, construed as claims brought under either § 1981 or § 1983, were dismissed with prejudice. *Mosley v. Rivers Casino*, No. 26-2994, 2026 WL 1975733, at *3 (E.D. Pa. July 8, 2026). The § 1983 claims were dismissed because the defendants he named, the Casino and several of its employees, were not plausibly alleged to be state actors. The § 1981 claims were found not to be plausible because he failed to allege that any defendant intended to discriminate against him on the basis of his race when they told him to leave the premises, and because he failed to allege any

[1] The facts are taken from Mosley's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

of the type of activities enumerated in the statute. *Id.* at *2-3. On the same day Mosley filed his current case, he filed a notice of appeal of the dismissal of his first case. (*Id.*, ECF No. 7.)

Mosley's current Complaint asserts the same facts as those he alleged in No. 26-2994. He again names Rivers Casino, the Casino Manager, and Security Guards as Defendants, claiming race discrimination because on or about 10:00 am on May 1, 2026, he was ejected from the Casino premises located in Philadelphia. (Compl. at 4-5.) He seeks $5 million in damages. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis.* Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in Mosley's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245).

**III. DISCUSSION**

Mosley's attempt to again bring the same claims that were dismissed in his prior case cannot proceed. "Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Healthcare Real Est. Partners, LLC*, 941 F.3d 64, 72 (3d Cir. 2019) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*). Finally, "a pending appeal does not vitiate the preclusive effect of a trial court judgment." *See Kokinda v. Pa. Dep't of Corr.*, 803 F. App'x 574, 577 (3d Cir. 2020) (citing *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009)); *Ross v. Meyer*, 741 F. App'x 56, 60 (3d Cir. 2018) (same); *Shaikh v. Akrush*, No. 19-20597, 2024 WL 112530, at *3 n.5 (D.N.J. Jan. 10, 2024) ("However, the

pending appeal does not alter the preclusive effect of the Court's final judgment." (internal quotation marks omitted)).

Mosley's second attempt to assert the same claims against the same parties is clearly barred on the face of the complaint by the doctrine of *res judicata*.[2] Accordingly, the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mosley's Complaint with prejudice. No leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile." (citations omitted)).

An appropriate Order follows.

**BY THE COURT:**

**HON. MIA R. PEREZ**

[2] "[R]es judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless 'apparent on the face of the complaint.'" *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). However, a district court may consider prior pleadings and the final judgment in the public record in dismissing an action on *res judicata* grounds. *Id*. (*citing Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record. . . ."); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017) ("With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings."); *Gimenez*, 202 F. App'x at 584 (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").